UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMY M. MCDERMOTT,

    Plaintiff,

v.                                            Case No. 8:21-cv-756-AAS

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration,

    Defendant.
_____/

**ORDER**

    Jeremy McDermott requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, and the parties' joint memorandum, the Commissioner's decision is **REMANDED**.

**I.    PROCEDURAL HISTORY**

    Mr. McDermott applied for DIB and SSI on March 21, 2018 and March 22, 2018, respectively, and alleged disability beginning on July 6, 2016. (Tr. 99, 128, 218–224, 209–214). Disability examiners denied Mr. McDermott's applications initially and after reconsideration. (Tr. 63, 76). At Mr.

1

McDermott's request, the ALJ held a hearing on December 5, 2019. (Tr. 37–83). The ALJ issued an unfavorable decision to Mr. McDermott on January 16, 2020. (Tr. 17–36).

On September 16, 2020, the Appeals Council denied Mr. McDermott's request for review, making the ALJ's decision final. (Tr. 6–11). Mr. McDermott requests judicial review of the Commissioner's final decision. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Background

Mr. McDermott was thirty-nine years old on his alleged onset date of July 6, 2016 and forty-one years old the date he applied for DIB and SSI on March 21, 2018 and March 22, 2018. (Tr. 84, 218). Mr. McDermott has some high school education and has past relevant work as a landscaper and pizza delivery driver. (Tr. 110).

### B.   Summary of the Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] he is not disabled. 20 C.F.R. §§ 404.1520(b),

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.910.

416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent his from doing past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id.* Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent his from performing work that exists in the national economy, he is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ determined Mr. McDermott did not engage in substantial gainful activity since July 6, 2016. (Tr. 22). The ALJ found Mr. McDermott had these severe impairments: status-post gunshot wound/fracture to the right little finger; borderline intellectual functioning; post-traumatic stress disorder;

---

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

depression; anxiety/panic disorder. (*Id*.). But the ALJ found none of Mr. McDermott's impairments or any combination of his impairments met or medically equaled the severity of an impairment in the Listings. (Tr. 23).

The ALJ found Mr. McDermott had the RFC to perform light work[4] the following non-exertional limitations:

> [Mr. McDermott] can occasionally stoop and crouch. He can never climb ladders. [He] can occasionally have exposure to unprotected heights and moving mechanical parts. He can occasionally operate a motor vehicle. [He] can perform simple and routine tasks, further described as unskilled work with a reasoning level no higher than 2 per the Dictionary of Occupational Titles. He can make simple work-related decisions and judgments. He can have occasional interaction with the general public and with coworkers. [He] can tolerate few changes in the work setting.

(*Id*.).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Mr. McDermott could not perform his past relevant work. (Tr. 30). The ALJ then determined Mr. McDermott could perform other jobs existing in significant numbers in the national economy, specifically as a

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b); 416.967(b).

common area cleaner, laundry sorter, and vegetable sorter. (Tr. 31–32). As a result, the ALJ found Mr. McDermott not disabled from July 6, 2016, through the date of the ALJ's decision, January 16, 2020. (Tr. 32).

## III.  ANALYSIS

### A.  Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the

5

court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issue on Appeal

Mr. McDermott raises one issue on appeal: that the ALJ erred in evaluating Mr. McDermott's RFC. (Doc. 25, pp. 11–22). Mr. McDermott argues the ALJ did not properly consider the persuasiveness of the medical opinions of Mary Elizabeth Kasper, Ph.D., Pascal Bordy, M.D., James Levasseur, Ph.D., Lynn R. Bernstein, Ph.D., and Phillip Matar, M.D. (*Id.* at 11–20). Mr. McDermott also argues the ALJ erred in failing to include noise limitations, mental limitations, and more rigorous hand limitations in the RFC. (*Id.* at 20–22).

Under SSA regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [claimant's own] medical sources." 20 C.F.R. § 404.1520c(a); 416.920c(a). Instead, the ALJ must evaluate each medical opinion with consideration of the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a

medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c); 416.920c(c). The ALJ is specifically required to consider the factors of supportability and consistency for each medical opinion. 20 C.F.R. § 404.1520c(b)(2); 416.920c(b)(2).

Mr. McDermott argues the ALJ erred in evaluating Dr. Levasseur's and Dr. Matar's medical opinions because the ALJ "articulated no reasons" for finding Dr. Levasseur's and Dr. Matar's medical opinions only "mostly persuasive." (Doc. 25, pp. 19–20) (*citing* (Tr. 28–29)). Mr. McDermott is correct that the ALJ failed to adequately adjudge the supportability and consistency of Dr. Levasseur's and Dr. Matar's medical opinions.

Dr. Levasseur's evaluation of Mr. McDermott's medical history included the conclusions that Mr. McDermott had mild limitation in understanding, remembering, or applying information, moderate limitation in interacting with others, moderate limitation in concentrating, persisting, or maintaining pace, and moderate limitation in adapting or managing oneself. (Tr. 118). The ALJ concluded Dr. Levasseur's evaluation was mostly persuasive, but the ALJ increased Mr. McDermott's limitation in understanding, remembering, or applying information from mild to moderate based on a vocational rehabilitation test that reported Mr. McDermott's verbal IQ score of 75. (Tr. 28; 346).

The Commissioner argues the ALJ determined Dr. Levasseur's opinion

was "persuasive based on the supportability and consistency with the overall objective findings." (Doc. 25, p. 25). However, the ALJ's opinion simply summarizes Dr. Levasseur's evaluation of Mr. McDermott's medical history with no attempt at explaining how supported or consistent Dr. Levasseur's medical opinions are by the rest of the medical evidence in the record. Nor does the ALJ explain how the reported verbal IQ score of 75 necessitates a moderate limitation on Mr. McDermott's ability to understand, remember, and apply information or how that moderate limitation comports with the rest of the medical evidence in the record. Thus, "the Court is frustrated in reviewing whether the ALJ's consideration of this opinion was proper." *Tookes v. Comm'r of Soc. Sec.*, No. 6:21-cv-1159-DCI, 2022 WL 1665447, at *2 (M.D. Fla. May 25, 2022).

Since the ALJ failed to adequately discuss the supportability and consistency of Dr. Levasseur's medical opinions, this court cannot conclude the ALJ's "lack of explicit consideration" constitutes harmless error. *Id. See also Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005) ("Because the ALJ's decision lacks consideration of these factors and their impact on his ultimate conclusion as to [the] RFC, we cannot even evaluate the Commissioner's contention that the ALJ's error was harmless").

The ALJ's analysis of Dr. Matar's medical opinion suffers from a similar flaw. Like with Dr. Levasseur, the ALJ concluded Dr. Matar's medical opinion

that Mr. McDermott "could perform medium functional work activities" and "was limited in fingering and feeling to the right" was "mostly persuasive." (Tr. 29) (*citing* (Tr. 121)). But the ALJ again did not describe why these conclusions are persuasive or how these conclusions align with other medical evidence in the record.

The ALJ's failure to apply the Section 404.1520c(c) and 416.920c(c) factors to Dr. Levasseur's and Dr. Matar's medical opinions warrants remand. On remand, the ALJ should ensure his consideration of the persuasiveness of each medical opinion includes an application and explanation of the Section 404.1520c(c) and 416.920c(c) factors, focusing on the supportability and consistency factors.[5]

### IV. CONCLUSION

For the reasons stated, the Commissioner's decision is **REMANDED**, and the Clerk is directed to enter judgment in favor of the plaintiff.

**ORDERED** in Tampa, Florida on June 13, 2022.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[5] Because remand is appropriate on the issue of whether the ALJ erred in his consideration of Dr. Levasseur's and Dr. Matar's medical opinions, the court declines to address Mr. McDermott's other arguments against the ALJ's RFC determination.

9